IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> FIDELITONE, INC., and JASMINE LOCKE, <br><br> Defendants. | Case No. 1:23-cv-16940 <br><br> The Honorable Joan H. Lefkow |

**PLAINTIFF PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY'S MOTION TO REMAND TO THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Now comes Plaintiff, Pennsylvania Manufacturers' Association Insurance Company ("PMA"), by and through its attorneys, Brian C. Bassett and Adam P. Joffe of Traub Lieberman Straus & Shrewsberry LLP, and for its Motion to Remand to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c), it states as follows:

**INTRODUCTION**

In *Vivas v. Boeing Co.*, 486 F.Supp.2d 726 (N.D. Ill. 2007), this Court aptly held that "[c]ombining the permission granted in 28 U.S.C. §1446(b) for defendants to file a notice of removal before being served with the joined and served requirement of 28 U.S.C. § 1441(b) to allow a resident defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes. Allowing either party to do that would be against what the courts have long understood to be Congress's intent." This Court's holding was based upon well-reasoned precedent, and the holding itself has been frequently cited by other courts in the Northern District of Illinois.

1

Here, this Court is faced with an identical issue to that in *Boeing Co.*: a resident defendant (Fidelitone) that removed a case before the Plaintiff (PMA) had an opportunity to serve it. In this case, removal occurred a mere five days (three business days) after the filing of the state court action. As in *Boeing Co.*, permitting such improper removal in violation of the forum defendant rule would frustrate Congress's legislative intent, as clearly understood by courts applying the statute. Accordingly, this matter should be immediately remanded to the Circuit Court of Cook County, Illinois for all further handling.

## BACKGROUND

This lawsuit seeks a declaration that PMA owed and owes no duty to defend and/or indemnify Fidelitone in a putative class action lawsuit currently pending in the Circuit Court of DuPage County, Illinois, under Case Number 2021 L 000068 ("*Locke* Lawsuit"). (Doc. 1.) The *Locke* Lawsuit arises out of Fidelitone's alleged collection, storage, and use of the putative class members' biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). (Doc. 1.)

PMA filed this lawsuit in the Circuit Court of Cook County, Illinois on Thursday, December 14, 2023. (Doc. 1.) Prior to PMA having an opportunity to serve Fidelitone with the Summons and Complaint, Fidelitone filed a Notice of Removal on Tuesday, December 19, 2023. (Doc. 1.)

Per the Notice of Removal, "Fidelitone is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Wauconda, Illinois. **Accordingly, Fidelitone is a citizen of Delaware and Illinois."** (Doc. 1, emphasis added.)

## **LEGAL STANDARD**

28 U.S.C. § 1441(b) provides, in pertinent part, the following regarding removal based on diversity of citizenship:

**(b) Removal Based on Diversity of Citizenship -**

**(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

**(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**

(Emphasis added.)

28 U.S.C. §1447(c) provides, in pertinent part, the following regarding motions to remand lawsuits back to state court:

**(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

It is axiomatic that "[t]he burden of establishing federal jurisdiction falls on the party seeking removal, and any doubt regarding jurisdiction should be resolved in favor of remand. *See, e.g., XL Specialty Co. v. Village of Schaumburg*, 2006 U.S. Dist. LEXIS 53942 (N.D. Ill. 2006), *citing Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Furthermore, "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners*

*N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000), *citing Allied-Signal*, 985 F.2d at 911, *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982); *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108-09 (1941); and *In re Application of County Collector of the County of Winnebago*, 96 F.3d 890, 895 (7th Cir. 1996).

## ARGUMENT

**I.** **It Is Undisputed That Fidelitone Is a Citizen of the State of Illinois, and as such, Remand to Illinois State Court is Proper Under the Forum Defendant Rule.**

As quoted above, 28 U.S.C. § 1441(b) expressly provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

This principle is commonly referred to as the "forum defendant rule." As the Seventh Circuit has explained, the forum defendant rule is "designed to preserve the plaintiff's choice of forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013), *quoting Hurley v. Motor Coach Indus.. Inc.* 222 F.3d 377, 380 (7th Cir. 2000). "In other words, the forum-defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction – to protect defendants against presumed bias of local courts – is not a concern because at least one defendant is a citizen of the forum state." *In re Paraquat Prods. Liab. Litig.*, 2022 U.S. Dist. LEXIS 156514, *22-23 (S.D. Ill. 2022), *citing Nuzzo*, 718 F.3d at 665.

In this case, PMA filed its Complaint for Declaratory Judgment in the Circuit Court of Cook County, Illinois. (Doc. 1.) In its Notice of Removal, Fidelitone admits that it is a citizen of

4

the State of Illinois. (Doc. 1.) As such, it is undisputed that Fidelitone "is a citizen of the State in which such action is brought," as contemplated by 28 U.S.C. § 1441(b). Thus, the forum defendant rule commands that remand to the Circuit Court of Cook County, Illinois is proper.

## II. Fidelitone Should Not Be Allowed to Avoid State Court Through a Strategic Move of Early Removal.

It is anticipated that Fidelitone will attempt to argue that it is not bound by the forum defendant rule because it had not yet been served at the time of its removal to federal court. However, as this Court will recall, it has previously grappled with this precise question and **rejected** this argument on its face.

In *Vivas v. Boeing Co.*, 486 F.Supp.2d 726 (N.D. Ill. 2007), plaintiffs filed seven different tort complaints in the Circuit Court of Cook County, relating to a plane crash in Peru. Boeing (an Illinois citizen) removed the cases to this Court, where they were consolidated. Plaintiffs moved to remand based upon, among other things, the forum defendant rule. *Id.* at 728. Boeing opposed the motion to remand, arguing that it had not yet been served, and, as such, 28 U.S.C. § 1441(b)(2) should not apply. *Id.* at 733. Thus, as this Court framed it, "[t]he question before the court now is whether Boeing can avoid the forum defendant limit on diversity jurisdiction through its strategic move of early removal." *Id.* To that question, the Court answered no, Boeing could not avoid the forum defendant rule. In so holding, the Court explained that:

> "When interpreting statutes, first and foremost, we give words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent." *United States* v. *Vallery,* 437 F.3d 626, 630 (7th Cir. 2006); *see also Nixon* v. *Mo. Municipal League,* 541 U.S. 125, 138, 124 S. Ct. 1555, 1564, 158 L. Ed. 2d 291 (2004). **In this case, Boeing's interpretation of the removal statute would frustrate the consistent efforts of both Congress and the courts to determine diversity jurisdiction based on the genuine interests of the parties to the controversy.** *Gottlieb* v. *Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir. 1993) (citing *Rose* v. *Giamatti,* 721 F. Supp. 906, 913 (S.D. Ohio 1989) (citations omitted) (reviewing the doctrine of fraudulent joinder and the "long-established

5

doctrine that a federal court, in its determination of whether there is diversity of citizenship between the parties, must disregard nominal or formal parties to the action and determine jurisdiction based only upon the citizenship of the real parties to the controversy."); *see also* 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure Juris. 3d § 3723 (2007).

Combining the permission granted in 28 U.S.C. § 1446(b) for defendants to file a notice of removal before being served with the joined and served requirement of 28 U.S.C. § 1441(b) **to allow a resident defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes. Allowing either party to do that would be against what the courts have long understood to be Congress's intent.** Furthermore, the court is mindful of the admonition that "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp.* v. *United Distillers & Vintners NA, Inc.,* 224 F.3d 708, 715-16 (7th Cir. 2000) (citing *Doe* v. *Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993); *Illinois* v. *Kerr-McGee Chem. Corp.,* 677 F.2d 571, 576 (7th Cir. 1982); *Shamrock Oil & Gas Co.* v. *Sheets,* 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *In re County Collector (Appeal of O'Brien),* 96 F.3d 890, 895 (7th Cir. 1996)). Therefore, the court declines to apply § 1441(b) to permit Boeing to remove these cases based on diversity jurisdiction. *Vivas v. Boeing Co.*, 486 F.Supp.2d at 733-34 (emphasis added.)

The circumstances of this case are virtually identical to the circumstances in *Boeing Co.* – a resident defendant (Fidelitone) attempting to remove a case before the plaintiff (PMA) has an opportunity to serve it. Accordingly, this Court should apply the exact same reasoning it applied in *Boeing Co.* and remand the matter to the Circuit Court of Cook County.

This Court's holding in *Boeing Co.* has been frequently cited and followed. For example, in *Grimard v. Montreal, Me., & Atl. Ry.*, 2013 U.S. Dist. LEXIS 126424 (N.D. Ill. 2013), Judge Shadur noted that "[o]ther District Courts have ordered remand post-removal when service on the forum defendant takes place thereafter (for an example of cases upholding remand in that situation, see the opinion of this Court's colleague Judge Joan Lefkow in *Vivas v. Boeing Co.*, 486 F.Supp.2d 726, 734 (N.D. Ill. 2007)). That same result can well be reached here in *a fortiori* terms."

Likewise, *Boeing Co.* was cited favorably by Judge Kennelly in *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 67 F.Supp.3d 952 (N.D. Ill. 2014), which also succinctly identified an additional crucial issue with an overly technical interpretation of section 1441(b):

> Applying section 1441(b) in the manner that [defendant] urges would result in the elimination of the forum-defendant rule in Illinois, at least for a vigilant defendant. As the Court has noted, Illinois law typically requires the county sheriff to serve summons. As a practical matter, this does not and cannot happen immediately, or anything close to it. If a plaintiff who filed a lawsuit in the Circuit Court of Cook County were to go from the clerk's office to the sheriff's office and request instantaneous service of summons on the defendant, the request would be dismissed out of hand. Even for the most diligent plaintiff, there will be a gap before process can be served, and this enables a vigilant defendant to beat the process server to the punch and remove the case to federal court.
>
> * * *
>
> Congress, which enacted the forum defendant rule and the "joined and served" clause before the age of computers—not to mention the Internet—could not have foreseen or intended this outcome. *Id.* at *961-62.

Indeed, this case provides a perfect example of Judge Kennelly's concern. As noted above, PMA filed this lawsuit in the Circuit Court of Cook County on December 14, 2023. (Doc. 1.) *Just four days (two business days) later*, the filing of this lawsuit was reported on the widely-read Law360 news service[1]. As a practical matter, it would have been highly improbable for a summons to be issued and service effectuated by the Cook County Sheriff in the time before Fidelitone's removal to federal court.

Consistent with undersigned counsel's ethical obligations to this Court, PMA acknowledges that other courts in the Northern District of Illinois have disagreed, electing instead to apply the plain language of section 1441(b). *See, e.g., D.C. v. Abbott Labs, Inc.*, 323 F. Supp. 3d 991 (N.D. Ill. 2018) and *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F.Supp.3d 928 (N.D. Ill. 2017). PMA respectfully posits, however, that the reasoning of this Court in *Boeing Co.* is far

---

[1] "Insurer Wants Out of Covering Defense In BIPA Class Action," December 18, 2023, available at https://www.law360.com/articles/1778419/insurer-wants-out-of-covering-defense-in-bipa-class-action.

more persuasive and, consistent with the Seventh Circuit's admonition in cases like *Vallery*, avoids the contravention of Congress's clearly expressed legislative intent.

In the recent case of *In re Paraquat Prods. Liab. Litig.*, 2022 U.S. Dist. LEXIS 156514 (S.D. Ill. 2022), Judge Rosenstengel agreed that "[a]llowing an in-state defendant to remove a case just hours after it is filed and before a plaintiff has an opportunity to serve the defendant under the state's requirements 'smacks [] of forum shopping' by the defendant and reeks of the gamesmanship Congress intended to eliminate." *Id.*, *citing In re Testosterone Replacement Therapy*, 67 F.Supp.3d at 961. *See also*, *Kern v. Krso*, 2020 U.S. Dist. LEXIS 122804 (N.D. Ill. 2020) ("the protection afforded by the 'joined and served' language is wholly unnecessary and contradictory to the statute's purpose: preventing diversity-based removal by citizens of the forum state.").

In this case, as in *Boeing Co.*, *Grimard*, *In re Testosterone Replacement Therapy*, *In re Paraquat*, *Kern*, and their progeny, permitting Fidelitone's snap removal to stand would directly contravene the forum defendant rule's clear purpose of disallowing diversity-based removal by citizens of the forum state. Accordingly, this matter should be remanded to the Circuit Court of Cook County, Illinois for all further handling of the case.

WHEREFORE, Plaintiff, Pennsylvania Manufacturers' Association Insurance Company, respectfully requests that this Honorable Court grant its Motion to Remand to the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1447(c)

Respectfully submitted,

/s/ *Brian C. Bassett*
Brian C. Bassett
*One of the Attorneys for Pennsylvania Manufacturers' Association Insurance Company*

8

Brian C. Bassett (6285714)
Adam P. Joffe (6300116)
Traub Lieberman Straus & Shrewsberry LLP
71 S. Wacker Dr., Ste. 2110
Chicago, IL 60606
Telephone: 312-332-3900
Facsimile: 312-332-3908
bbasssett@tlsslaw.com
ajoffe@tlsslaw.com

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that the foregoing document was filed on January 12, 2024, with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel on record.

            /s/ *Brian C. Bassett*
            Brian C. Bassett
            *One of the Attorneys for Pennsylvania Manufacturers' Association Insurance Company*

Brian C. Bassett (6285714)
Adam P. Joffe (6300116)
Traub Lieberman Straus & Shrewsberry LLP
71 S. Wacker Dr., Ste. 2110
Chicago, IL 60606
Telephone: 312-332-3900
Facsimile: 312-332-3908
bbasssett@tlsslaw.com
ajoffe@tlsslaw.com